UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

SEAN PAUL KNIGHT                                                                                              PLAINTIFF

v.                                                                              CIVIL ACTION NO. 1:13-CV-P15-M

JANET J. CROCKER et al.                                                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Sean Paul Knight, commenced this 42 U.S.C. § 1983 action by filing a Court-supplied, civil-rights complaint form with numerous attachments (117 pages) and 10 DVDs (DN 1). Because the "Statement of Claim(s)" portion of the complaint form merely stated for each of the five Defendants, "'conspiracy' see attachments and videos" the Court ordered Plaintiff to fill out the statement-of-the-claims portion of the complaint form. Plaintiff has complied (DN 11). The Court will now rule on Plaintiff's pending motions and conduct its initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**MOTIONS**

First, the Court will consider the motions to amend the complaint and to enter evidence filed by Plaintiff (DNs 6, 8, 9, and 12). In the first motion, DN 6, Plaintiff asks the Court to allow entry into evidence of various exhibits and a video. The Court considers this to be a motion to amend the complaint. A party may amend its pleading once as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a). Service has not occurred here. Consequently, Plaintiff's motion (DN 6) is **GRANTED**.

Plaintiff's second motion (DN 8) asks to add a request for relief that all entities and persons involved be prosecuted and requests reform of the Kentucky Department of Public

Advocacy and of the public's access to the Kentucky judicial system. He also asks for relief for any Defendant convicted by Judge Crocker or prosecuted by Commonwealth's Attorney Clint G. Willis.

First, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed against anyone as Plaintiff requests. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). Second, to the extent that Plaintiff seeks relief on behalf of others, a non-lawyer cannot represent others in this action. "[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); *see also* 28 U.S.C. § 1654.

"A district court may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). Because here the proposed amendment would be futile, the motion to amend (DN 8) is **DENIED**.

In his next motion (DN 9), Plaintiff seeks to add as Defendants Governor Steven L. Beshear and Attorney General Jack Conway. That motion offers no claims against these would-be Defendants. Instead, it asserts that slavery in Kentucky is alive and thriving in the judicial system. He asserts that Kentucky's prisons are overcrowded with indigent defendants who should be out on bond. He alleges that examination of "files" would reveal the difference in the outcome of the indigent defendants versus those with private counsel. He states, "This is

nothing less than indigent Slavery by way of incarceration to grow the Commonwealth[']s Economy and Industry."

The specific facts alleged in a complaint must explain how a defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff fails to do so. As such, the claims against these would-be Defendants would have to be dismissed for failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation). Because it would be futile to allow these claims to be added to the complaint, Plaintiff's motion to amend (DN 9) is **DENIED**.

Plaintiff's third motion to amend the complaint (DN 11) is actually his response to the Court's Order for him to fill out the "Statement of Claims(s)" portion of the complaint. Accordingly, that motion (DN 11) is **GRANTED**.

In his next motion (DN 12), he seeks to add additional exhibits, including two DVDs. The complaint and other documents are signed by Plaintiff Sean Paul Knight but DN 12 is signed by Paul Knight, Plaintiff's father, as "Witness for Plaintiff." Plaintiff is proceeding *pro se*. No one but Plaintiff himself may sign and submit filings to this Court. *See* Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."). Consequently, this motion (DN 12) is **DENIED**.

## I. SUMMARY OF CLAIMS

In his original complaint, Plaintiff sues in their official capacities state-court judge Janet J. Crocker; Commonwealth's Attorney Clint G. Willis; Department of Public Advocacy

attorneys Patrick C. Roemer and Samuel H. Lowe; and Allen County Detention head jailer Larry E. Piper. In his amended complaint, submitted pursuant to the Court's Order, he alleges that Defendants Crocker, Willis, Roemer, and Lowe conspired to deprive him of his Fourteenth Amendment right to due process; concealed from him the "prosecution of wrongful charge Theft/Auto could and in fact did cause Plaintiff greater judicial harm"; concealed discovery; and maliciously prosecuted him. He alleges that Defendant Crocker allowed Defendant Lowe to continue to represent him even after Defendant Lowe allegedly committed perjury. Plaintiff accuses Defendant Crocker of other instances of mishandling his state-court criminal case.

With regard to Defendant Piper, the jailer, Plaintiff alleges that he and Defendant Crocker conspired to deprive Plaintiff of his due-process and equal protection rights under the Fourteenth Amendment. Plaintiff further alleges that Defendant Piper failed to secure adequate medical attention for Plaintiff after an attack by another inmate, failed to protect him from a violent inmate, and transferred Plaintiff for disciplinary action without due process. He asks for monetary and punitive damages and release from custody and expungement of records.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory

or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claims against state-court judge and Commonwealth's Attorney*

First, these Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment).

Second, none of the Defendants sued in their official capacities for damages are "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

Consequently, Plaintiff's claims against these Defendants will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

## *Claims against DPA attorneys*

Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Thus, Plaintiff's allegations against Defendants Roemer and Lowe fail to state a cognizable § 1983 claim.

## *Claims against jailer*

Plaintiff alleges that Defendants Piper and Crocker conspired to deprive Plaintiff of his right to due process and equal protection. "'Conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). Plaintiff's conspiracy claims are conclusory and therefore fail to state a claim.

Plaintiff also alleges that Defendant Piper failed to secure adequate medical attention after an attack by another inmate; failed to protect Plaintiff when Defendant Piper housed him with a convicted state inmate with a violent criminal and prison history; transferred Plaintiff for disciplinary action without due process; and impeded Plaintiff's medical treatment after it had begun. The complaint gives dates for each of these alleged wrongdoings: May 1, 2011, May 15,

2011, August 9, 2011, and September 12, 2011. The complaint in this case was filed on February 4, 2013.[1]

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, the most recent date in this section of his complaint is September 12, 2011. Even considering the complaint filed on February 4, 2013, the complaint was filed well over one-year after the alleged violations occurred. Consequently, the claims against Defendant Piper will be dismissed.

### *Request for release from custody and expungement of records*

Plaintiff's requests to order his release from custody and expungement of his record are

---

[1] Under the mailbox rule, the Court will consider the filing date to be the date the complaint was presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). February 4, 2013, is the date Plaintiff signed the complaint.

7

not available remedies under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

As to his request for expungement of his records, he does not indicate what "records" he seeks to have expunged and why. Moreover, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, should any expungement necessarily imply the invalidity of his current confinement or its duration, § 1983 relief is unavailable. Consequently, Plaintiff's claims for equitable relief relating to release and expungement under § 1983 will be dismissed.

Date: July 11, 2013

*[signature: Joseph H. McKinley]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.009

8